**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION**

| | |
|---|---|
| BRYAN K. LISTON, individually and on behalf of others similarly situated, | ) ) **CLASS ACTION COMPLAINT** ) |
| Plaintiff | ) **FLSA COLLECTIVE ACTION** ) **COMPLAINT UNDER** |
| vs. | ) **29 USC § 216(b)** ) |
| UNITED STATES GYPSUM COMPANY, | ) **CASE NO.** 3:21-cv-140 ) |
| Defendant | ) |

***PLAINTIFF'S COMBINED CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

*I.  INTRODUCTION*

Plaintiff Bryan Liston ("Liston") brings this combined Rule 23 class action and FLSA collective action lawsuit against Defendant United States Gypsum Company ("USG") to address class-wide wage and hour and overtime violations committed by USG against him and his fellow USG employees who work or worked for USG at its Shoals, Indiana facility.  Liston will serve as the representative plaintiff in the Rule 23 class action and FLSA collective action.

Specifically, USG has been systematically underpaying wages and overtime wages to Liston and similarly situated hourly paid workers.  USG operates its Shoals, Indiana gypsum mine on a continuous basis.  In recent years, USG has required its employees to work twelve hour shifts which officially run from 7:00 a.m. to 7:00 p.m. or, *vice versa*, from 7:00 p.m. to 7:00 a.m.  USG's Shoals employees work 7 of every 14 days.  This means that workers work and are

1

paid, at a minimum, for eight (8) or more hours of overtime in one of every two weeks.[1] USG requires its Shoals workers to report to a mandatory work meeting it calls "Reflections Meeting" fifteen full minutes prior to the start of any work shift. USG requires employees to be fully dressed in all PPE and to be clocked in to work fifteen minutes prior to the official shift scheduled time. The meeting is conducted by a USG supervisor, often the Mill Foreman. Workers are given work instructions for the day and alerts about any issues they may encounter during the work day.

Despite the fact that the "Reflections Meetings" are mandatory, recorded on the USG time clock, and conducted by the Mill Foreman or another USG supervisor, USG has willfully refused to pay Liston and its other Shoals, Indiana employees for a this fifteen (15) minute period of time each shift. At a very minimum, USG fails to pay each employee for 1.75 compensable and recorded work hours every two weeks. At a minimum, USG fails to pay each employee for 1.0 overtime hours in one of every two weeks.

The 15 minute meeting time at the beginning of each shift is work and is compensable under the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statute. Further, the mandatory 15 minute meeting at the beginning of each shift marks each employee's first principal activity at the start of his/her continuous work day, meaning, USG was obligated to pay each employee from the moment he/she clocked in and began the 15 minute mandatory meeting.

Liston's class action and FLSA collective action claims based upon USG's class-wide failure to pay employees for obvious and recorded work hours, and failure to pay wages based

---

[1] This does not include extra shifts or extra hours USG would ask Liston or his coworkers to work.

upon a continuous workday, will be perfect for class and collective action treatment and will be easy to prove.  USG's wage and hour violations will be will be shown based upon a comparison of its time clock records and the face of pay stubs USG issues to its employees.

## II.  FACTUAL ALLEGATIONS

1. Liston is a resident of the State of Indiana and is domiciled in Plainville, Daviess County, Indiana.

2. United States Gypsum Company ("USG") mines and manufactures construction materials, such as drywall and joint compound. USG is the largest distributor of wall board in the United States.   Liston worked for USG at its Shoals, Martin County, Indiana mine.

3. Liston was hired by USG in December of 2015 to work as a manufacturing supervisor.  Liston continued to work for USG until he voluntarily resigned from employment on August 31, 2021.

4. At all times during his employment with USG, Liston has been paid wages on an hourly basis and treated as a non-exempt employee.

5. As described above, USG is and has been underpaying wages and overtime compensation to its hourly-paid workers at its Shoals facility on a systematic, class-wide basis. USG is intentionally refusing to pay wages for daily 15 minute mandatory work meetings.  In so doing, in many weeks, generally half of the work weeks each year, USG failed to pay Liston and his Shoals coworkers for 1.0 hour or more of overtime compensation for time spent in the 15 minute mandatory meetings.

6. As described in the Introduction above, USG has been systematically underpaying wages and overtime wages to Liston and similarly situated hourly paid workers.

USG operates its Shoals, Indiana gypsum mine on a continuous basis. In recent years, USG has required its employees to twelve hour shifts which officially run from 7:00 a.m. to 7:00 p.m. or, vice versa, from 7:00 p.m. to 7:00 a.m. USG's Shoals employees work 7 of every 14 days. This means that workers work and are paid, at a minimum, for eight (8) or more hours of overtime in one of every two weeks.[2] USG requires its Shoals workers to report to a mandatory work meeting it calls "Reflections Meeting" fifteen full minutes prior to the start of any work shift. USG requires employees to be fully dressed in all PPE and to be clocked in to work fifteen minutes prior to the official shift scheduled time. The meeting is conducted by a USG supervisor, often the Mill Foreman. Workers are given work instructions for the day and alerts about any issues they may encounter during the work day.

       7.      Despite the fact that the "Reflections Meetings" are mandatory, recorded on the USG time clock, and conducted by the Mill Foreman or another USG supervisor, USG has willfully refused to pay Liston and its other Shoals, Indiana employees for a this fifteen (15) minute period of time each shift. At a very minimum, USG fails to pay each employee for 1.75 compensable and recorded work hours every two weeks. At a minimum, USG fails to pay each employee for 1.0 overtime hours in one of every two weeks. To be more specific, Liston was paid a base rate of $26.81 per hour.[3] Every second week, USG failed to pay Liston for at least 1.0 overtime hours, for 4 different 15 minute Reflections Meetings, in weeks Liston worked his officially scheduled 48.0 hours (4 days on 12 hour shifts). The 1.0 unpaid overtime hour would

---

[2] This does not include extra shifts or extra hours USG would ask Liston or his coworkers to work.

[3] With shift differential, USG paid Liston $1.00 per hour more when he worked the 7:00 p.m. night shift.

have been worth at least $40.22 ($26.81 x 1.5).  With the FLSA's presumptive liquidated damages provision, that sum would be doubled to $80.44 for the one week.  Similarly, in every second week, Liston worked 3 shifts of 12 hours or 36.0 hours.  During those weeks, USG would have failed to pay Liston wages for at least 0.75 hours, for 3 different 15 minute Reflections Meetings. The 0.75 unpaid hours would have been worth at least $20.11.  If the Court finds a lack of good faith, under the Indiana Wage Payment Statute, that $20.11 could be trebled with liquidated damages to $60.33 for the week that did not include overtime.

8. Based just upon the minimum damages for the unpaid 15 minute Reflections Meetings that occurred at least 7 of every 14 days, Liston lost at least $1,568.58 per year in unpaid wages and overtime.  With liquidated damages available under the FLSA and Indiana Wage Payment Statute, Liston likely suffered damages of $3,660.02 per year.  While pay rates may be different, this similar loss would have been suffered by every other Shoals, Indiana hourly-paid employee.  Moreover, because none of the 15 minute Reflections Meetings were ever paid, Liston lost wages in every single work week over the last three years in which Liston worked one or more work shift.

9. The 15 minute meeting time at the beginning of each shift is work and is compensable under the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statute.  Further, the mandatory 15 minute meeting at the beginning of each shift marks each employee's first principal activity at the start of his/her continuous work day, meaning, USG was obligated to pay each employee from the moment he/she clocked in and began the 15 minute mandatory meeting.

10. Liston has gone so far as to make specific and formal complaints to the USG

Shoals Mill Foreman, Mark Hawkins, about the company's refusal to pay wages for the mandatory 15 minute "Reflections Meetings." Liston made a complaint at the Reflections Meeting itself in May of 2020. The Mill Foreman belittled Liston and intimidated the other employees, telling them he would just take the matter to a vote to see if others agreed with Liston about USG's need to pay for this meeting time. Liston last asked the Mill Foreman for his pay for all of the hours on his last day of work, August 31, 2021. At all times, Liston has been refused and ignored.

11. All of the time USG's Shoals employees spend at work, from first to last principal activity of each day, is work time and must be compensated under the FLSA and Indiana law.

12. Pursuant to its systematic, class-wide practice, USG is not compensating its hourly-paid workers for all work time at the beginning of each employee's work day, particularly the recorded and required Reflections Meetings conducted by the USG supervisors.

13. USG intentionally and knowingly violated Liston and all hourly paid workers' rights to earned wages through USG's conscious and deliberate decision not to pay employees for all work time, particularly the Reflections Meeting time.

14. During many calendar weeks in 2018, 2019, 2020 and 2021, Liston worked in excess of forty hours and was owed additional overtime compensation based upon USG's unlawful failure to pay Liston for all of his compensable work hours. In every work week, regardless of overtime, Liston and his fellow hourly paid workers lost wages as a result of USG's failure to pay for all work hours. Moreover, in every work week involving more then forty hours of work, Liston and his fellow hourly paid workers lost overtime wages as a result of USG's failure to pay for all work hours.

15. Liston is expressly alleging that USG acted in bad faith in violating its hourly paid workers' rights under the FLSA and the Indiana Wage Payment Statute, and that USG certainly did not seek to comply with the Indiana Wage Payment Statute in good faith.

16. By way of this Complaint, Liston seeks for himself and for all other similarly situated Shoals, Indiana hourly paid workers, all unpaid wages, all unpaid overtime, all available statutory damages, including all liquidated damages, and payment of his reasonable attorneys' fees, costs and expenses.

### III.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

17. Liston incorporates herein by reference paragraphs 1 - 16 above.

18. Liston is pursuing claims individually, but this Complaint is brought also as a collective action and as a class action on behalf of other current and former USG employees who work or worked at the Shoals, Indiana facility and who were similarly denied payment of wages and overtime compensation under USG compensation scheme that involved failure to pay for all work time from the first principal activity each day - the mandatory Reflections Meeting - through the last principal activity each day.

19. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Liston and all USG current and former Shoals, Indiana employees who were damaged by USG's compensation system which required and resulted in uncompensated overtime work.  By virtue of the "collective action," Liston represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances.  Liston anticipates that other USG employees and former employees will opt in to the action.

20. With respect to FRCP 23(b)(3) class action claims under the Indiana Wage Payment Statute, Liston will serve as class representative over a proposed class. The class will be as follows:

> Liston will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute. This Court has supplemental jurisdiction over Liston's Indiana statutory wage claims. This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Liston and on behalf of all eligible USG hourly paid workers at USG's Shoals, Indiana facility (who voluntarily resigned) who work or worked for the company and were damaged by USG's compensation system which required and resulted in uncompensated work performed by hourly-paid employees. This case particularly focuses upon USG's failure and refusal to pay workers for each shift's mandatory "Reflections Meeting" conducted by a USG manager. By virtue of the class action, Liston represents the identical and/or similar interests of former and current coworkers denied wages under the same circumstances.

21. Based upon information and belief, the number of potential class members is believed to be more than several hundred individuals, however, the actual number of USG's current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical. Instead, Liston will pursue discovery to obtain the names of the other current and former USG employees, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

22. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

23. Liston's claims are typical of the claims of the whole collective group of current and former USG hourly-paid Shoals, Indiana employees harmed by USG's illegal wage practices. Liston's claims are typical of the claims of the whole class of current and former USG hourly-paid Shoals, Indiana employees harmed by USG's illegal wage practices.

24. Liston will act to fairly and adequately protect the interests of the entire collective group of current and former USG employees. Liston will act to fairly and adequately protect the interests of the entire Rule 23 class of current and former USG employees who work or worked in Shoals, Indiana.

25. A "combined"[4] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against USG. For example, to prove USG's illegal wage practices, Liston and other members of this collective group/class would seek in discovery records about all similarly situated current and former USG hourly paid Shoals, Indiana employees who were similarly denied earned wages and overtime compensation under USG's compensation system which resulted in uncompensated work and underpayment of overtime wages. Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

26. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

---

[4] See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

27. A combined collective action/class action will result in an orderly and expeditious administration of the class members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

28. Because USG's compensation system which required and resulted in uncompensated work and underpaid overtime wages to hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

### IV.  JURISDICTION AND VENUE

29. This Court has jurisdiction over Liston's FLSA claims under 28 USC § 1331 as those FLSA claims raise questions of federal law.  See 29 USC § 201 et seq.   The Court has supplemental jurisdiction over Liston's Indiana law claims, which have a common basis in fact with his own and the other Plaintiff class members' FLSA claims.

30. This Court is the appropriate venue for this cause of action as Liston worked for USG at its Shoals, Martin County, Indiana facility and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1391.

### V.  STATEMENT OF CLAIMS

#### A.  Fair Labor Standards Act Claims

31. Liston incorporates herein by reference paragraphs 1 through 30 above.

32. USG is an "enterprise" as that term is defined by the FLSA, and USG is covered by the overtime and minimum wage provisions of the FLSA.  USG is an "employer," as that term is defined by the FLSA.  Finally, USG is a "person" as that term is defined by the FLSA.

33. USG violated Liston's rights and the rights of all members of the Plaintiff Class to be properly paid overtime wages in a manner required by the FLSA. USG has committed overtime violations by failing to pay Liston and his similarly situated coworkers for all overtime hours of work, particularly as USG was requiring all employees to report and clock in for a mandatory shift-beginning meeting conducted by a supervisor regularly during weeks in which overtime was worked and USG significantly underpaid overtime wages based upon its unlawful failure to pay for all work hours from a first principal activity to a last principal activity each work day.

34. USG has repeatedly violated the FLSA's overtime provisions by not paying Liston and members of the Plaintiff Class for all hours and at the required overtime compensation rate for all hours worked over 40 in a work week.

35. USG's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects USG to a three year statute of limitations.

36. Liston and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for USG's violations of their rights under the Fair Labor Standards Act.

### B. Indiana Wage Payment Statute Claims

37. Liston incorporates herein by reference paragraphs 1 through 36 above.

38. Liston has a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5. Liston is the named Plaintiff who represents the same or similar interests of

all current USG hourly-paid employees at its Shoals, Indiana facility and all of USG's former hourly-paid Shoals employees who voluntarily resigned from employment.

39. By way of this Claim, Liston is seeking, individually and on behalf of members of the Plaintiff Class of current and former USG Shoals hourly-paid employees (who voluntarily resigned from employment), all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Liston and his fellow Plaintiff Class members may be entitled pursuant to law.  Pursuant to I.C. 22-2-5-2, Liston is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.  Liston further expressly asserts and alleges that USG acted in bad faith, and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith," when it intentionally created a wage scheme that did not compensate hourly paid workers for all work hours from a first principal activity until a last principal activity each work day (including hours spent in mandatory work meetings at the start of each work shift) , all of which resulted in underpaid wages on a class-wide basis.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Liston respectfully requests that the Court enter judgment against USG and issue all available relief to him and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and

      expenses;

2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. All unpaid and underpaid wages;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. Prejudgment interest, if available; and

7. Any and all other relief just and proper in the premises.

      Respectfully submitted,

      HASSLER KONDRAS MILLER LLP

      By/s/Robert P. Kondras, Jr.
      Robert P. Kondras, Jr.
      Attorney No. 18038-84
      100 Cherry Street
      Terre Haute, IN 47807
      (812) 232-9691
      Facsimile: (812) 234-2881
      kondras@hkmlawfirm.com